IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01140-WYD

IN RE:
BILLY JASON HARWELL,

    Debtor,

BILLY JASON HARWELL,

    Appellant,

v.

VIRGINIA M. DALTON;
PEARLMAN & DALTON, P.C.; and
LYNN MARTINEZ, Trustee,

    Appellees.

## ORDER

I.    INTRODUCTION

THIS MATTER comes before the Court on the appeal by Appellant Billy Jason Harwell ("Harwell") from an order issued by the Bankruptcy Court made in Adversary Proceeding number 05-41744-ABC. This appeal arises from the Bankruptcy Court's May 18, 2007 Order denying Harwell's Motion for Reconsideration of an Order entered by the Bankruptcy Court on March 7, 2007, authorizing the Chapter 7 Trustee to employ Virginia M. Dalton, Esq., and her firm, Pearlman & Dalton, P.C., as attorneys for

the Chapter 7 Trustee[1].

Harwell asserts that the Bankruptcy Court erred in not disqualifying Attorney Virginia Dalton ("Dalton") as counsel for the Chapter 7 trustee. Specifically, Harwell argues that Dalton held an interest adverse to the bankruptcy estate in the form of a claim for more than $54,000.00 in fees arising from Dalton's work for the Trustee, Lynn Martinez ("Martinez"), when Martinez was the Chapter 11 bankruptcy trustee in this same case. Harwell further asserts that the claims for $54,000.00 and adverse connections to himself and his wife were not disclosed when Martinez requested authorization to hire Dalton. Harwell finally argues that Dalton has displayed bias against him, wholly refusing to pursue any objection to, or even investigation of, the claim asserted by creditor Tom Clay Hill, which precipitated the bankruptcy filing.

## II. BACKGROUND

On October 10, 2005, Harwell filed a voluntary Chapter 11 bankruptcy petition. On December 4, 2006, the Bankruptcy Court issued an Order instructing the United States Trustee to appoint a Chapter 11 trustee for the case. On December 5, 2006, the Court entered an Order approving the United States Trustee's appointment of Ms. Lynn H. Martinez as Chapter 11 trustee. On December 6, 2006, Martinez filed an application to employ Dalton and her firm as attorneys for Martinez, as Chapter 11 trustee. Harwell did not object to that application, and on December 19, 2006, the Bankruptcy Court entered an Order approving the employment of Dalton and her firm of Pearlman &

---

[1] Matters raised by the parties that are outside the record or unrelated to the Bankruptcy Court's March 7, 2007 Order were not considered in my ruling. *See Cummings v. Norton*, 393 F.3d 1186 (10th Cir. 2005); *In re Walker*, 959 F.2d 894 (10th Cir. 1992).

Dalton, P.C..

On January 30, 2007, Martinez filed a motion to convert the case from Chapter 11 to Chapter 7. Harwell did not oppose conversion. Accordingly, on February 28, 2007, the Bankruptcy Court entered an Order converting the case to Chapter 7. On March 1, 2007, the United States Trustee appointed Martinez to serve as Chapter 7 trustee. On March 2, 2007, Martinez filed an application to re-employ Dalton and Pearlman & Dalton, P.C. as her attorneys in the Chapter 7 case, pursuant to 11 U.S.C. § 327(a). The application was accompanied with a verified statement of Dalton, as required by Fed. R. Bankr. P. 2014. As previously stated, on March 7, 2007, the Bankruptcy Court granted the application to re-employ Dalton and her firm. Thereafter, Harwell filed a motion for reconsideration of the March 7, 2007 Order.

On May 18, 2007, the Court conducted an evidentiary hearing on Harwell's motion for reconsideration of the employment order. At the conclusion of the hearing, Dalton moved on behalf of Martinez for a directed verdict and stated in support that "[t]here has not been any evidence about adverse interest or disinterestedness presented by the debtor. There is no reason for the Court to reconsider entry of this order authorizing the trustee to retain counsel." (Hr'g Tr. 81:17-21, May 18, 2007.) The Bankruptcy Court agreed and granted Martinez's motion for judgment, pursuant to Fed. R. Civ. P. 52(c). Harwell was granted leave to file the instant appeal, which is now before me.

III. ANALYSIS

    A. Standard of Review

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings. *Kimco Leasing,Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992). I must review the findings of fact under a "clearly erroneous" standard. *Id.* A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990). I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo*. *Id.* "The burden of proof is on the party seeking to reverse a bankruptcy court's holding." *In re Johnson*, 236 B.R. 510, 518 (D.C.Cir. 1999). "That party must show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached." *Id.* Further, "remedial statutes such as the Bankruptcy Code are generally held to be liberally construed in favor of the debtor in order to better facilitate that debtor's fresh start." 157 B.R. 268, 272 (Bankr. W.D.Va. 1993).

Finally, denial of an application for professional employment is reviewed under an abuse of discretion standard. *In re Interwest Bus. Equip., Inc.*, 23 F.3d 311, 315 (10th Cir. 1994); *In re BH & P Inc.*, 949 F.2d 1300, 1312-13 (3rd Cir. 1991) (decision to disqualify a professional and determine "potential" or "actual" conflict is within the discretion of the bankruptcy court). "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds

of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)( quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991)). An abuse of discretion may occur if a court bases its ruling on a view of the law that is erroneous. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990).

> B. <u>Whether the Bankruptcy Court abused its discretion when it denied Harwell's motion for reconsideration of the employment order and granted the Trustee's motion for judgment, pursuant to Fed. R. Civ. P. 52(c).</u>

In his appeal, Harwell argues that the Bankruptcy Court committed reversible error by denying his objection to Dalton's appointment as Chapter 7 trustee's counsel because Dalton failed to make sufficient disclosures when applying for employment and that Dalton is not disinterested. The required qualifications of the employment of professionals are set forth in 11 U.S.C. § 327. Section 327(a) reads in pertinent part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). This section creates a two-part requirement for retention of counsel. First, counsel must "not hold or represent an interest adverse to the estate" and second, counsel must be a "disinterested person." Although the phrase "hold or represent an interest adverse to the estate" is not defined in the Bankruptcy Code, the Tenth Circuit has adopted the definition offered in *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985). *In re Cook*, 223 B.R. 782, 798 (10th Cir. 1998). The *Roberts* Court defined this phrase as: (1) to possess or assert any economic interest that would

tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under the circumstances that render such a bias against the estate. *Id.*

With respect to the term "disinterested," the Tenth Circuit has stated that it

> is defined by the Code in § 101(14), which provides in relevant part that a "disinterested person" means a person that: (A) is not a creditor, an equity security holder, or an insider; ...; and (E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason . . . .

*Id.* The Tenth Circuit went onto say that "[s]ubsection (E), commonly referred to as the "catch-all clause," is broad enough to exclude an attorney with some interest or relationship that " 'would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules.' " *BH & P Inc.*, 949 F.2d at 1309 (*quoting Roberts*, 46 B.R. at 828 n. 26). *Id.*

Additionally, Section 327(c) reads:

> In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c). The phrase "actual conflict of interest" is not defined in the Code and has been interpreted largely through a case-by-case analysis. "Courts have been accorded considerable latitude in using their judgment and discretion in determining

whether an actual conflict exists." *Cook*, 223 B.R. at 789 (*citing BH & P Inc.* 949 F.2d at 1315). Section 327's conflict of interest provisions are supplemented by Federal Rule of Bankruptcy Procedure 2014, which creates a disclosure requirement to enforce the disinterestedness standard. The rule provides, in relevant part:

> (a) Application for an Order of Employment. An order approving the employment of attorneys . . . or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee or committee. . . . The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, [or] any party in interest . . . . The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, [or] any other party in interest . . . .

Colo. Rev. Stat. § 38-22-127(1).

Turning to my analysis, after holding an evidentiary hearing on May 18, 2007, Judge Campbell found that Harwell failed to provide evidence that Dalton was disinterested or had an adverse interest to the estate. After hearing all of the evidence and considering the arguments by the parties, Judge Campbell concluded that

> The evidence does not support that the trustee is in any way not disinterested. The skepticism that the trustee and her attorney have brought to undertaking their task, if that skepticism is to be labeled bias, such bias is not an indication of a lack of disinterestedness. It is the task of the trustee, as the representative of the creditors, to approach the debtor with a jaundiced eye to communicate with the creditors, and if there are questions raised by the creditors or in the mind of the trustee or the trustee's attorney, to follow those strings out, that if that is something that makes

the debtor uncomfortable, that's the nature of the process, and it does not disqualify the trustee or the trustee's professionals, who both have a disinterested standard to - - that they must meet.

The record is clear that the trustee has communicated regularly, or the trustee's attorney has communicated regularly, and frequently, with other parties in interest and their counsel. Not in every case, but in most cases, and certainly cases that involve assets that may be worth millions of dollars, and liabilities that may amount to millions of dollars, a case of some complexity in Chapter 7, the trustee would be remiss or the trustee's professionals would be remiss if they did not utilize parties in interest's knowledge in the process of investigation the assets, liabilities, transaction and business of the debtor.

So, the fact that there have been numerous contacts by Ms. Dalton to creditors and creditors' counsel, particularly Mr. Hill, who apparently had a particularly contentious relationship with the debtor prior to the filing of this case in his capacity as a judgment creditor, and in his efforts to collect, it is not surprising that the trustee's attorney and the trustee have viewed Mr. Hill and Mr. Hill's professional as an appropriate source of information, not to be taken necessarily at face value, but the trustee and the trustee's attorney would in fact be remiss if they didn't try to economize on gathering information from creditors who may be particularly knowledgeable about the estate.

There is no credible evidence before the Court that this has related, or has resulted in, or that the trustee's attorney started with the kind of adverse interest to anybody by reason of the fact that the trustee has communicated with another, another party in interest and their attorneys, that the evidence simply does not indicate that this trustee's attorney is operating with the kind of conflict with the other parties in interests, or that would cause this Court to disqualify the trustee's attorney. . . .

I make these findings mindful of the importance of the standards of disinterestedness, and not having a party with a conflict of interest or adverse interest to the estate, and I

>do not for a minute suggest that it's inappropriate for the trustee's professional disinterestedness to be scrutinized. It should be scrutinized. But it has been scrutinized, and this Court finds on the record that this trustee's attorney is in fact qualified.

(Hr'g. Tr. 82-84.)

With respect to his first argument, Harwell asserts that Judge Campbell should have granted his motion to reconsider the employment order because Dalton is not disinterested. Based on my review of the record and the case law, I am not persuaded by Harwell's argument. The record before me shows that Harwell was given the opportunity to present evidence in support of his motion at an evidentiary hearing. Both Martinez and Dalton gave live testimony which was considered by Judge Campbell in his ruling. Additionally, Harwell offered numerous exhibits, which were admitted by Judge Campbell and also considered in his ruling. In making his oral findings, Judge Campbell thoroughly outlined the evidence he considered with respect to Harwell's argument and made a detailed ruling as to his findings of fact and conclusions of law. In making his rulings, Judge Campbell addressed both the legal standard and the evidence presented though live testimony and written documents. Therefore, I find that Judge Campbell did not abuse his discretion in denying Harwell's motion for reconsideration of the employment order.

With respect to Harwell's argument that Judge Campbell erred in not granting his motion for reconsideration because Dalton failed to disclose all of her connections with the debtor as required by Federal Rule of Bankruptcy Procedure 2014, I reject this argument. Dalton testified that any fees she incurred or expended in the Chapter 11

case were not included in her disclosure because they were not relevant. Dalton further testified that

> Section 327 states that disinterestedness means that you are not a creditor, and the bankruptcy code defines creditor as an entity that had a claim . . . against the debtor prior to the debtor's petition, and Pearlman and Dalton did not have a claim against the debtor prior to the filing of the debtor's petition, and the administrative expense claim is not a fact that goes to disinterestedness.

(Hr'g. Tr. 41.) Judge Campbell considered this testimony along with Dalton's Section 2014 declaration. Based on the record before me, I find that Judge Campbell carefully and thoroughly weighed all of the evidence before him in making his rulings. Judge Campbell examined the arguments of both parties along with the documents, and made sound and well-reasoned findings. Accordingly, I find that there is no evidence in the record of any error or abuse of discretion with respect to the denial of Harwell's motion for reconsideration of the employment order.

IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Harwell's appeal of the Bankruptcy Court's denial of his motion for reconsideration of the employment order is **DENIED**, and the Bankruptcy Court's Order is **AFFIRMED.**

Dated: January 25, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel

U. S. District Judge